# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

---

SAMUEL RENE LOPEZ,

      Plaintiff,

    v.                                  Case No. 1:24-cv-984 KWR/LF

ALLEGRA HANSON, ALLEGRA HANSON PC, and
COMPA INDUSTRIES, Inc.*,*

      Defendants.

---

SAMUEL RENE LOPEZ,

      Plaintiff,

    v.                                  Case No. 1:24-cv-985 KWR/LF

ARMANDO RENE LOPEZ, COMPA INDUSTRIES, Inc.,
and STRATIFY, LLC*,*

      Defendants.

---

SAMUEL RENE LOPEZ,

      Plaintiff,

    v.                                  Case No. 1:24-cv-986 KWR/LF

ASHLEY CHENOT, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC*,*

      Defendants.

---

SAMUEL RENE LOPEZ,

      Plaintiff,

      v.                                                                                            Case No. 1:24-cv-987 KWR/LF

BRYANT BINGHAM, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

        Defendants.
                                           _____

SAMUEL RENE LOPEZ,

        Plaintiff,

      v.                                                                                            Case No. 1:24-cv-988 KWR/LF

DANIEL ANTHONY JENSENLOPEZ, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

        Defendants.
                                           _____

SAMUEL RENE LOPEZ,

        Plaintiff,

      v.                                                                                            Case No. 1:24-cv-990 KWR/LF

EDNA LOUISA LOPEZ, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

        Defendants.
                                           _____

SAMUEL RENE LOPEZ,

        Plaintiff,

      v.                                                                                            Case No. 1:24-cv-991 KWR/LF

KAREN MONTY, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on motions to reassign the undersigned filed in the following six cases by the same plaintiff involving the same or similar factual matter:

- Second Motion to Reassign, Doc. 16, *Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson PC, and Compa Industries*, 1:24-cv-984 (D.N.M.)

- Second Motion to Reassign, Doc. 22, *Samuel Rene Lopez v. Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC.*, 24-cv-985 (D.N.M.).

- Second Motion to Reassign, Doc. 24, *Samuel Rene Lopez v. Ashley Chenot, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-986 (D.N.M.)

- Second Motion to Reassign, Doc. 29, *Samuel Rene Lopez v. Bingham, Compa Industries, Inc., and Stratify, LLC.,* 24-cv-987 (D.N.M.)

- Second Motion to Reassign, Doc. 15, *Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-988 (D.N.M.)

- Second Motion to Reassign, Doc. 20, *Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-990 (D.N.M.).

Plaintiff did not request my reassignment in a seventh case involving the same underlying factual matter:

- *Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-991 (D.N.M.).

In each case Plaintiff brings claims relating to his employment and termination at Compa Industries, Inc., his family's business. Generally, he names Stratify LLC or Compa Industries, Inc. in these cases. In each case he also alleges fraud or conspiracy claims stemming from his termination against a unique individual or corporation. Plaintiff also requests that I recuse from

six of his seven cases because I allegedly presided over his prior case involving the same factual matter.

For the reasons stated below, the Court **DENIES** the motions to reassign filed in the six cases identified above. Moreover, in all seven cases identified above the Court issues an order to show cause why they should not be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Each of these seven cases stems from his employment or dealings with Compa Industries, Inc. as a business development administrator in July 2019 through his alleged termination in February 2021. Compa Industries is his family's business, and he asserts a number of grievances against family members, or employees or officers of Compa Industries. He asserts fraud, conspiracy, battery and racketeering state law claims against various individuals. He generally names Compa Industries and Stratify LLC as liable under *respondeat superior* principles for the actions of its various employees, officers, or board members.

Plaintiff previously brought claims arising from similar disputes in *Lopez v. Compa Industries*, *Inc. et al.*, 23-cv-303- JB/LF (D.N.M.). That case solely involved federal claims, including Title VII, ADA, and RICO claims. The Honorable James O. Browning dismissed the federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over the state law claims. The Tenth Circuit affirmed the dismissal. *Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015 (10th Cir. July 24, 2024).

I. **Plaintiff's allegations in his seven cases.**

The Court summarizes the allegations Plaintiff's seven cases below.

***Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson PC, and Compa Industries*, 1:24-cv-984 (D.N.M.).**

4

Plaintiff alleges that Allegra Hanson, P.C. was counsel for Compa Industries, Inc. and Compa Industries CEO Edna Lopez during Plaintiff's employment. Plaintiff appears to allege that Defendant Allegra Hanson aided other Defendants in committing fraud and aided in his wrongful termination.  Plaintiff asserts fraud and conspiracy claims relating to the (1) request for him to assist in recruiting for Stratify LLC and in (2) the termination of his contract to aid Defendant Compa Industries to acquire the SBA's HUB Zone certification.  Plaintiff alleges that Defendant Allegra Hanson committed fraud or conspiracy in not advising Compa Industries to independently audit the work of another employee, Jensenlopez, who Plaintiff alleges stole money from the company.  Plaintiff also alleged a state-law racketeering claim based on the same allegations.  Plaintiff alleges that Compa Industries is vicariously liable because it employed Allegra Hanson as counsel.

***Samuel Rene Lopez v. Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC*, 24-cv-985 (D.N.M.).**

Plaintiff alleges that Defendant Armando Lopez was the Chief Information Officer for Compa Industries and worked for Stratify LLC. Amended Complaint, *Lopez v. Lopez et al.,* 24-cv-985, Doc. 13 at ¶¶ 2, 4. Plaintiff alleges that after his contract was breached by CEO Edna Lopez, Armando Lopez took his job. *Id.* at ¶¶ 8-9. He also alleges that Defendant Armando Lopez stole and destroyed evidence in the form of paperwork and digital data from his phone in February 2023. Plaintiff alleges that Armando Lopez committed fraud, conversion theft/destruction of evidence.  Plaintiff alleged one count of fraud, conversion, or conspiracy, and another count of theft or destruction of evidence.  Plaintiff asserts that Compa Industries and Stratify LLC are liable under principles of *respondeat superior*.

*Samuel Rene Lopez v. Chenot, Compa Industries, Inc., and Stratify, LLC*, **1:24-cv-986 (D.N.M.).**

Plaintiff alleges that Ashley Chenot, while working in her capacity as a payroll manager for Compa Industries, did not report his earnings to any state, which caused him to lose out on unemployment benefits. He alleges that his wages were not reported until September or October 2021. Amended Complaint, *Lopez v. Chenot, et. al.,* 1:24-cv-986, Doc. 10 at ¶ 9 (D.N.M.). He asserts fraud and conversion claims against Ashley Chenot, *respondeat superior* claims against Stratify, LLC and Compa Industries, Inc.

*Samuel Rene Lopez v. Bryant Bingham, Compa Industries, Inc., and Stratify, LLC,* **1:24-cv-987 (D.N.M.).**

Plaintiff alleges that Bryant Bingham was the COO of Compa Industries, worked for Stratify LLC, and was on the board of Compa Industries. Plaintiff appears to allege that Defendant Bingham conspired with others to steal his job administering Compa's SBA Hubzone account. Amended Complaint, Doc. 16 at 7, *Lopez v. Bingham, et al.* (D.N.M.). Plaintiff alleges that Defendant Bingham obtained and changed the login credentials for his SBA Hubzone account. Plaintiff alleges fraud, conversion, and conspiracy claims against Bingham and Respondeat superior claims against Stratify LLC and Compa Industries.

*Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., Stratify, LLC*, **1:24-cv-988 (D.N.M.).**

Plaintiff alleges that Defendant Jensenlopez was the CFO of Compa Industries, and owner of Stratify LLC. Plaintiff alleges multiple fraud claims. He alleges that Defendant Jensenlopez hired him as a business development administrator to obtain contracts with the government or otherwise assist Compa Industries in obtaining certain certifications with the government. Plaintiff

6

alleges that Defendant Jensenlopez initially refused to pay him for the five hours he spent recruiting for the company. Plaintiff was employed or contracted to certify Compa Industries in the SBA's Hub Zone program, which he asserts increased the company's value and competitiveness in obtaining "Sole Source" contracts and government "set aside contracts." Amended Complaint, Doc. 13 at 10, *Lopez v. Jensenlopez,* 1:24-cv-988 (D.N.M.). Plaintiff asserts that Defendant Jensenlopez impeded his ability to get a certification through the SBA by denying that he received an important e-mail, by taking his login credentials for his SBA account, and by destroying a file structure for a business proposal. Plaintiff asserts various fraud, conspiracy, and harassment claims against Defendant Jensenlopez. Plaintiff alleges that Defendants Stratify LLC and Compa Industries are liable under *respondeat superior* principles.

***Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-990 (D.N.M.).**

Plaintiff alleges that Edna Louisa Lopez owned Compa Industries, Inc. and worked at Stratify LLC. He alleges that she committed fraud, extortion, breach of contract and battery. Plaintiff asserts that Defendant pressured him to do the recruiting for Stratify LLC and failed to give him equal treatment in her will. He also alleges that she breached a contract relating to his completion of Compa Industries, Inc.'s HUB zone certification. He alleges she committed fraud by stealing his job as administrator of Compa Industries, Inc.'s SBA HUB zone account. He also alleges that Stratify LLC and Compa Industries are liable for Edna Louisa Lopez's actions under a theory of *respondeat superior*.

***Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-991 (D.N.M.).**

Plaintiff alleges that Karen Monty was the vice president and Human Resources manager for Compa Industries, Inc. and worked for Stratify LLC. He also alleges she was a board member of Compa Industries, Inc. Plaintiff asserts various fraud, conversion, and conspiracy claims stemming from his termination. Plaintiff also asserts *respondeat superior* claims against Compa Industries and Stratify LLC.

II.     **Order to Show Cause.**

In all seven cases the court issued an order to show cause why the claims should not be dismissed for failure to state a claim. Plaintiff filed an amended complaint in each case.

## DISCUSSION

I.     **Plaintiff's motions to reassign six cases from the undersigned are not well-taken.**

Plaintiff asserts that I should recuse and six of his cases should be reassigned to another district judge because I presided over another case involving the same parties and factual subject matter, *Lopez v. Compa Industries, Inc. et al.*, 1:23-cv-303-JB/LF (D.N.M.). I was not the presiding judge in that case. In one of the seven cases, Plaintiff requests that I remain the presiding judge. *See* Second Motion to Reassign, Doc. 13, *Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-991 (D.N.M.).

However, I was assigned the seven cases now at issue in this opinion. Plaintiff has not cited to, and the Court has not found, any precedent which prohibits a district judge from presiding over multiple cases which involve the same plaintiff or factual matter. Plaintiff does not cite to any facts demonstrating that I am biased or prejudiced, or that presiding over these cases would create the appearance of impropriety.

A federal district judge's recusal is governed by 28 U.S.C. §§ 144 and 455(a). Section 144 provides:

8

> Whenever a party to any proceeding in a district court makes a timely and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein...

28 U.S.C. § 144 (emphasis added). Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that she is impartial. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). The affidavit of personal bias and prejudice need be timely and sufficient. *Id.* § 144. A party may only file one such affidavit. *Id.*

There must be a reasonable factual basis to question the judge's impartiality. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The scope of inquiry is objective, limited to outward manifestations and reasonable inferences drawn therefrom. *Id.*

"The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993–94 (10th Cir. 1993). Finally, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Here, Plaintiff has not filed an affidavit or shown that I am biased or prejudiced. Therefore, recusal is denied under § 144.

A judge must also recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective test, based on a judge's "outward manifestations and reasonable inferences drawn therefrom," rather than the judge's actual state of mind. *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir.1995). The purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of impropriety. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 860 (1988).

9

A judge must also disqualify herself where she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b).

There must be a reasonable factual basis to question the judge's impartiality. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The scope of inquiry is objective, limited to outward manifestations and reasonable inferences drawn therefrom. *Id.*

"Prior rulings in the proceeding, *or another proceeding*, solely because they were adverse" are not grounds for recusal. *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995) (emphasis added); *Bryce v. Episcopal Church,* 289 F.3d 648, 659–60 (10th Cir.2002).

Here, Plaintiff has not asserted any facts suggesting bias, prejudice, or a reason to question my impartiality.

Therefore, the Court denies all six motions to reassign the undersigned.

## II. The Court directs Plaintiff to show cause why the Court should not dismiss all seven cases for lack of subject matter jurisdiction.

As explained below, the Court directs Plaintiff to show cause why the Court should not dismiss all seven cases without prejudice for lack of subject matter jurisdiction.

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). *See also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("Start with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."); *Markley v. U.S. Bank Nat'l Ass'n*, No. 24-1163, 2025 WL 1739390, at *3 (10th Cir. June 24, 2025).

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.' " *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006), *quoting in part Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244, 163 L.Ed.2d 1097 (2006).

When, as here, "a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007).

Plaintiff has not alleged any federal claims. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Here, Plaintiff only pleads state law claims. He does not assert any federal claims. Therefore, it appears that the Court does not have federal question jurisdiction over these cases.

Moreover, Plaintiff's complaints do not establish that diversity jurisdiction exists. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*

As explained below, Plaintiff failed to identify the citizenship of every party.  Even as to the parties whose citizenship he did identify, he only asserted legal conclusions, and did not assert factual allegations in support of those conclusions. Therefore, the Court concludes that Plaintiff's amended complaints in each of his seven cases fail to demonstrate that the Court has diversity jurisdiction.

Plaintiff must plead factual allegations in support of jurisdiction and not mere legal conclusions. "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction 'must allege in his pleading the facts essential to show jurisdiction.' " *Celli v. Shoell,* 40 F.3d 324, 327 (10th Cir. 1994) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)); *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (plaintiff cannot "offer mere legal conclusions."); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245–46 (10th Cir. 2012) (the defendant must "prove ... jurisdictional facts by a preponderance of the evidence" to remain in federal court).  Instead, the plaintiff must allege "the underlying facts supporting each of the requirements for [] jurisdiction." *Leite,* 749 F.3d at 1122.  Furthermore, the facts alleged to show the citizenship of the party in question must satisfy the plausibility pleading standard. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Here, Plaintiff has filed seven cases. As explained below, he does not identify the citizenship of many parties, and where he does, he does so in a conclusory fashion without alleging factual allegations in support of those conclusions.

Some of the parties to these cases are individuals. An individual is a citizen of the state where he or she is domiciled.  "An individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the

person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "When it comes to determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances." *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014), *citing* Wright et al. § 3612, at 536–41 (listing "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity").

Here, Plaintiff does not identify the citizenship of all individuals. In many cases he does not identify his own citizenship. Even where he does identify the citizenship of an individual, he merely states legal conclusions and does not allege facts to show citizenship or domicile by a preponderance of the evidence. There are no facts in the record for the Court to apply the legal tests stated above or to determine the citizenship of the individuals.

Next, he asserts claims in all his cases against an entity, including Compa Industries, Inc., Stratify LLC, and Allegra Hanson, P.C. "In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

Generally, a corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 713 (10th Cir. 2012). Thus, a corporation can be a citizen of multiple states. To the extent Plaintiff alleges that Compa Industries is a corporation, he has not alleged facts to establish its citizenship. Plaintiff summarily alleges where the alleged corporations operate

but does not allege facts establishing where the corporations are incorporated or their principal place of business. For example, a corporation is considered domiciled where it is incorporated and where it has its principal place of business, 28 U.S.C. § 1332(c)(1), which is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010). Here, there are no facts in the record for the court to determine where the corporation's officers direct, control and coordinate the corporation's activities. Similarly, Plaintiff provides no facts or evidence supporting the place of incorporation.

Plaintiff appears to allege that Allegra Hanson, P.C. is a professional corporation. Several circuit cases hold that a professional corporation is treated the same as any other corporation for diversity purposes. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739–43 (7th Cir. 2004) (professional corporation treated same as any other corporation for diversity purposes); *see also Saxe, Bacon & Bolan, P.C. v. Martindale–Hubbell, Inc.,* 710 F.2d 87, 89 (2d Cir. 1983) (professional corporations are corporations within the meaning of 28 U.S.C. § 1332); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (same). Following these circuit cases, a decision in this district has previously held that a "New Mexico professional corporation[ ] is treated as a corporation for diversity purposes." *Whitener v. Burnett*, Civ. No. 10-865 BRB/RHS, 2010 WL 11618919, at *2 n.1 (D.N.M. Dec. 13, 2010) (Baldock, J.) (citing *Hoagland*, 385 F.3d at 739–41). Here, Plaintiff has not alleged factual allegations plausibly alleging the citizenship of Allegra Hanson, P.C.

Finally, he asserts claims against Stratify LLC, which he appears to allege is an LLC. An LLC takes the citizenship of each of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). "When an entity is composed of multiple layers of

constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018); *see also Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238. Plaintiff does not identify the members of the LLCs, which could include both individuals and corporations. Plaintiff must allege facts establishing the citizenship of each member of an LLC. The Court finds that Plaintiff has not established the citizenship of each member of the LLC.

The Court finds that Plaintiff has not established the citizenship of the parties. Therefore, the Court finds that Plaintiff has not established diversity jurisdiction.

The Court directs the Plaintiff to show cause why it should not dismiss his case without prejudice for lack of subject matter jurisdiction within **fourteen (14) days** of the entry of this order. Plaintiff must show cause in each of his seven cases. If Plaintiff fails to show cause, the Court may dismiss these cases without prejudice and without further notice.

## CONCLUSION

The Court denies Plaintiff's motions to reassign the undersigned in the six cases identified below. Moreover, the Court directs Plaintiff to show cause why the Court should not dismiss each of his cases for failure to establish subject matter jurisdiction. Plaintiff must show cause why the Court should not dismiss his cases within **fourteen (14) days** of the entry of this order. If he fails to show cause, the Court may dismiss without prejudice his seven cases without further notice.

**IT IS THEREFORE ORDERED** that in each of the following six[1] cases filed by Plaintiff, the Motion to Reassign is **DENIED**:

---

[1] Although Plaintiff filed seven cases, he only requested my recusal in six cases.

15

- Second Motion to Reassign, Doc. 16, *Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson PC, and Compa Industries*, *Inc.,* 1:24-cv-984 (D.N.M.);

- Second Motion to Reassign, Doc. 22, *Samuel Rene Lopez* v. *Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC*., 24-cv-985 (D.N.M.);

- Second Motion to Reassign, Doc. 24, *Samuel Rene Lopez v. Chenot, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-986 (D.N.M.);

- Second Motion to Reassign, Doc. 29, *Samuel Rene Lopez v. Bingham, Compa Industries, Inc., and Stratify, LLC.,* 24-cv-987 (D.N.M.);

- Second Motion to Reassign, Doc. 15, *Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-988 (D.N.M.); and

- Second Motion to Reassign, Doc. 20, *Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-990 (D.N.M.).

**IT IS FURTHER ORDERED** that Plaintiff shall respond to this order to show cause, explained above, within **fourteen (14) days** of the entry of this order. If Plaintiff fails to show cause why these seven cases should not be dismissed for lack of subject matter jurisdiction, the Court may dismiss these cases without prejudice and without further notice.

**IT IS FURTHER ORDERED** that this opinion shall be filed in all seven cases identified in the caption of this order.

_____/S/_____
KEA RIGGS
UNITED STATES DISTRICT JUDGE