# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

————————————

SAMUEL RENE LOPEZ,

       Plaintiff,

    v.                                   Case No. 1:24-cv-984 KWR/LF

ALLEGRA HANSON, ALLEGRA HANSON P.C., and
COMPA INDUSTRIES, Inc.,

       Defendants.

————————————

SAMUEL RENE LOPEZ,

       Plaintiff,

    v.                                   Case No. 1:24-cv-985 KWR/LF

ARMANDO RENE LOPEZ, COMPA INDUSTRIES, Inc.,
and STRATIFY, LLC,

       Defendants.

————————————

SAMUEL RENE LOPEZ,

       Plaintiff,

    v.                                   Case No. 1:24-cv-986 KWR/LF

ASHLEY CHENOT, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

       Defendants.

————————————

SAMUEL RENE LOPEZ,

       Plaintiff,

v.                                                    Case No. 1:24-cv-987 KWR/LF

BRYANT BINGHAM, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

      Defendants.

———————————————

SAMUEL RENE LOPEZ,

      Plaintiff,

v.                                                    Case No. 1:24-cv-988 KWR/LF

DANIEL ANTHONY JENSENLOPEZ, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

      Defendants.

———————————————

SAMUEL RENE LOPEZ,

      Plaintiff,

v.                                                    Case No. 1:24-cv-990 KWR/LF

EDNA LOUISA LOPEZ, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

      Defendants.

———————————————

SAMUEL RENE LOPEZ,

      Plaintiff,

v.                                                    Case No. 1:24-cv-991 KWR/LF

KAREN MONTY, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on orders to show cause issued in the following cases:

- *Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson PC, and Compa Industries*, *Inc.,* 1:24-cv-984 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-985 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Ashley Chenot, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-986 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Bryant Bingham, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-987 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-988 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-990 KWR/LF (D.N.M.); and

- *Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-991 KWR/LF (D.N.M.).

In each case Plaintiff brings state law claims relating to his employment and termination at Compa Industries, Inc., his family's business. In all seven cases identified above the Court issued an order to show cause why they should not be dismissed for lack of subject matter jurisdiction. As explained in the orders to show cause, Plaintiff did not assert any federal claims, and he failed to plead facts to support diversity jurisdiction. Plaintiff bears the burden of alleging facts which establish subject matter jurisdiction in his complaint. The Court directed him to show cause why

the Court should not dismiss each case for lack of subject matter jurisdiction. Plaintiff timely filed responses to the orders to show cause in each case. After considering the responses, the Court concludes that Plaintiff failed to plead factual allegations establishing subject matter jurisdiction in his amended complaints. He also failed to carry his burden to assert facts establishing subject matter jurisdiction in his responses to the orders to show cause. Therefore, the Court dismisses all seven cases without prejudice for failure to establish subject matter jurisdiction.

Alternatively, even assuming he established subject matter jurisdiction, the Court concludes that Plaintiff failed to state a claim as to each of the seven cases.

The Court issues this consolidated opinion in all seven cases identified in the caption above.

## BACKGROUND

Each of these seven cases stems from his employment or dealings with Compa Industries, Inc. as a business development administrator in July 2019 through his alleged termination in February 2021. Compa Industries is his family's business, and he asserts a number of grievances against family members, or employees or officers of Compa Industries. He asserts fraud, conspiracy, conversion, battery, and racketeering state law claims against various individuals. He generally names Compa Industries and Stratify LLC as liable under *respondeat superior* principles for the actions of their various employees, officers, or board members.

Plaintiff previously brought claims arising from similar disputes in *Lopez v. Compa Industries*, *Inc.*, 23-cv-303 JB/LF (D.N.M.). That case included federal claims, including Title VII, ADA, and RICO claims. The Honorable James O. Browning dismissed the federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over the state law claims. The Tenth Circuit affirmed the dismissal. *Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015 (10th Cir. July 24, 2024).

I.    <u>**Plaintiff's allegations in his seven cases**</u>.

The Court summarizes the allegations in Plaintiff's seven cases below.

***Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson P.C., and Compa Industries, Inc.,*** **1:24-cv-984 KWR/LF (D.N.M.).**

Plaintiff alleges that Allegra Hanson was counsel for Compa Industries, Inc. during Plaintiff's employment. Plaintiff appears to allege that Allegra Hanson aided other individuals in committing fraud and aided in his wrongful termination. Plaintiff asserts fraud and conspiracy claims relating to the (1) request for him to assist in recruiting for Stratify LLC and in (2) the termination of his job to assist Defendant Compa Industries in acquiring the Small Business Administration's HUBZone certification. Plaintiff alleges that Defendant Allegra Hanson committed fraud in failing to advise Compa Industries to independently audit the work of another employee, Daniel Jensenlopez, who Plaintiff alleges stole money from the company. Plaintiff also alleged a state-law racketeering claim based on the same allegations. Plaintiff alleges that Compa Industries, Inc. is vicariously liable because it employed Allegra Hanson as counsel.

***Samuel Rene Lopez v. Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC,*** **1:24-cv-985 KWR/LF (D.N.M.).**

Plaintiff alleges that Defendant Armando Lopez was the Chief Information Officer for Compa Industries and worked for Stratify LLC. Amended Complaint, *Lopez v. Lopez et al., 1:* 24-cv-985 KWR/LF, Doc. 13 at ¶¶ 2, 4 (D.N.M.). Plaintiff alleges that after his contract was breached by CEO Edna Lopez, Armando Lopez took his job. *Id.* at ¶¶ 8-9. He also alleges that Defendant Armando Lopez stole and destroyed evidence in the form of Compa Industries paperwork and digital data from his phone in February 2023. Plaintiff alleges that Armando Lopez committed

fraud, conversion and destruction of evidence.  Plaintiff asserts that Compa Industries and Stratify LLC are liable under principles of *respondeat superior*.

**Samuel Rene Lopez v. Ashley Chenot, Compa Industries, Inc., and Stratify, LLC, 1:24-cv-986 KWR/LF (D.N.M.).**

Plaintiff alleges that Ashley Chenot, while working in her capacity as a payroll manager for Compa Industries, did not report his earnings to any state, which caused him to lose out on unemployment benefits.  He alleges that his wages were not reported until September or October 2021, months after his termination.  Amended Complaint, *Lopez v. Chenot, et. al.,* 1:24-cv-986 KWR/LF, Doc. 10 at ¶ 9 (D.N.M.). He asserts fraud and conversion claims against Ashley Chenot and *respondeat superior* claims against Stratify LLC and Compa Industries, Inc.

**Samuel Rene Lopez v. Bryant Bingham, Compa Industries, Inc., and Stratify, LLC, 1:24-cv-987 KWR/LF (D.N.M.).**

Plaintiff alleges that Bryant Bingham was the COO of Compa Industries, worked for Stratify LLC, and was on the board of Compa Industries. Plaintiff appears to allege that Defendant Bingham conspired with others to take his job administering Compa Industries' SBA HUBZone account. Amended Complaint, *Lopez v. Bingham, et al.*, 1:24-cv-987 KWR/LF, Doc. 16 at 7 (D.N.M.).  Plaintiff alleges that Defendant Bingham obtained and changed the login credentials for his SBA HUBZone account. Plaintiff alleges fraud, conversion, and conspiracy claims against Bingham and *respondeat superior* claims against Stratify LLC and Compa Industries.

**Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., and Stratify, LLC, 1:24-cv-988 KWR/LF (D.N.M.).**

Plaintiff alleges that Defendant Jensenlopez was the CFO of Compa Industries, and owner of Stratify LLC.  Plaintiff alleges multiple fraud claims. He alleges that Defendant Jensenlopez

hired him as a business development administrator to obtain contracts with the government or otherwise assist Compa Industries in obtaining certain certifications with the government. Plaintiff alleges that Defendant Jensenlopez initially refused to pay him for the five hours he spent recruiting for the company. Plaintiff was eventually paid for his work. Plaintiff was employed or contracted to certify Compa Industries in the SBA's HUBZone program, which he asserts increased the company's value and competitiveness in obtaining "sole source" contracts and government "set aside contracts." Amended Complaint, *Lopez v. Jensenlopez,* 1:24-cv-988 KWR/LF, Doc. 13 at 10 (D.N.M.). Plaintiff asserts that Defendant Jensenlopez impeded his ability to get a certification through the SBA by denying that he received an important e-mail, by taking his login credentials for Compa Industries' SBA account, and by destroying a file structure for a business proposal. Plaintiff asserts various fraud, conspiracy, and harassment claims against Defendant Jensenlopez. Plaintiff alleges that Defendants Stratify LLC and Compa Industries are liable under *respondeat superior* principles.

**Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC, 1:24-cv-990 KWR/LF (D.N.M.).**

Plaintiff alleges that his mother Edna Louisa Lopez owned Compa Industries, Inc. and worked at Stratify LLC. He alleges that she committed fraud, extortion, breach of contract and battery. Plaintiff asserts that Defendant pressured him to do the recruiting for Stratify LLC and failed to give him equal treatment in her will. He also alleges that she breached a contract relating to his completion of Compa Industries, Inc.'s HUBZone certification. He alleges she committed fraud by taking away his job as administrator of Compa Industries, Inc.'s HUBZone account. He also alleges that Stratify LLC and Compa Industries are liable for Edna Louisa Lopez's actions under a theory of *respondeat superior*.

7

*Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-991 KWR/LF (D.N.M.).

Plaintiff alleges that Karen Monty was the vice president and human resources manager for Compa Industries, Inc. and worked for Stratify LLC. He also alleges she was a board member of Compa Industries, Inc. Plaintiff asserts various fraud, conversion, and conspiracy claims stemming from his termination. Plaintiff also asserts *respondeat superior* claims against Compa Industries and Stratify LLC.

## II.    <u>Order to Show Cause.</u>

In all seven cases the court issued an order to show cause why the claims should not be dismissed for failure to state a claim. Plaintiff filed an amended complaint in each case.

Thereafter, the Court issued another order to show cause in each case, directing Plaintiff to show cause why the Court should not dismiss each case for lack of subject matter jurisdiction. Plaintiff timely filed responses to the order to show cause

## DISCUSSION

As explained below, the Court dismisses each case without prejudice because Plaintiff failed to plead factual allegations in his complaint establishing subject matter jurisdiction. Plaintiff also failed to assert facts establishing subject matter jurisdiction in his responses to the orders to show cause.  Plaintiff has therefore failed to carry his burden to establish that the Court has subject matter jurisdiction over these cases.

Alternatively, assuming the Court has subject matter jurisdiction, the Court dismisses each case for failure to state a claim.

## I.    <u>Plaintiff has failed to establish subject matter jurisdiction.</u>

**A.      Plaintiff failed to plead factual allegations in his complaint establishing subject matter jurisdiction.**

The Court issued orders to show cause in each case explaining that Plaintiff's amended complaints failed to plead factual allegations establishing subject matter jurisdiction. The orders directed Plaintiff failed to show cause why the Court should not dismiss his seven cases for lack of subject matter jurisdiction. As explained below, the Court concludes that Plaintiff failed to carry his burden of pleading factual allegations in his complaint which establish subject matter jurisdiction.

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). *See also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("Start with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."); *Markley v. U.S. Bank Nat'l Ass'n*, No. 24-1163, 2025 WL 1739390, at *3 (10th Cir. June 24, 2025).

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.' " *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006), *quoting in part Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 1240, 1244, 163 L.Ed.2d 1097 (2006).

When, as here, "a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007). Plaintiff's amended complaints fail to plead factual allegations establishing subject matter jurisdiction.

Plaintiff has not alleged any federal claims. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Here, Plaintiff only pleads state law claims. He does not assert any federal claims. In his responses to the orders to show cause, Plaintiff asserts federal question jurisdiction under the RICO statute. But Plaintiff did not plead a RICO claim. Therefore, it appears that the Court does not have federal question jurisdiction over these cases.

Moreover, Plaintiff's amended complaints do not establish that diversity jurisdiction exists. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*

As explained below, Plaintiff failed to identify the citizenship of every party. Even as to the parties whose citizenship he did identify, he only asserted legal conclusions, and did not assert factual allegations in support of those conclusions. Therefore, the Court concludes that Plaintiff's amended complaints in each of his seven cases fail to demonstrate that the Court has diversity jurisdiction.

Plaintiff must plead factual allegations in support of jurisdiction and not mere legal conclusions. "Mere conclusory allegations of jurisdiction are not enough; the party pleading

jurisdiction 'must allege in his pleading the facts essential to show jurisdiction.' " *Celli v. Shoell,* 40 F.3d 324, 327 (10th Cir. 1994) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)); *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (plaintiff cannot "offer mere legal conclusions."); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245–46 (10th Cir. 2012) (the defendant must "prove ... jurisdictional facts by a preponderance of the evidence" to remain in federal court). Instead, the plaintiff must allege "the underlying facts supporting each of the requirements for [] jurisdiction." *Leite,* 749 F.3d at 1122. Furthermore, the facts alleged to show the citizenship of the party in question must satisfy the plausibility pleading standard. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Plaintiff does not identify the citizenship of many parties, and where he does, he does so in a conclusory fashion without alleging factual allegations in support of those conclusions.

Some of the parties to these cases are individuals. An individual is a citizen of the state where he or she is domiciled. "An individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "When it comes to determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances." *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014), *citing* Wright et al. § 3612, at 536–41 (listing "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's

license and automobile registration; payment of taxes; as well as several other aspects of human life and activity").

Here, Plaintiff does not identify the citizenship of all individuals. In many of the complaint he does not identify his own citizenship. Even where he does identify the citizenship of an individual, he merely states legal conclusions and does not allege facts to show citizenship or domicile by a preponderance of the evidence. There are no facts in the record for the Court to apply the legal tests stated above or to determine the citizenship of the individuals.

Next, he asserts claims in all his cases against an entity, including Compa Industries, Inc., Stratify LLC, and Allegra Hanson, P.C. "In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

Generally, a corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Tinner v. Farmers Ins. Co.*, 504 F. App'x 710, 713 (10th Cir. 2012). Thus, a corporation can be a citizen of multiple states. To the extent Plaintiff alleges that Compa Industries is a corporation, he has not alleged facts to establish its citizenship. Plaintiff summarily alleges where the alleged corporations operate but does not allege facts establishing where the corporations are incorporated or their principal place of business. For example, a corporation is considered domiciled where it is incorporated and where it has its principal place of business, 28 U.S.C. § 1332(c)(1), which is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010). Here, there are no facts in the record for the court to determine where the corporation's officers direct, control and

coordinate the corporation's activities. Similarly, Plaintiff provides no facts or evidence supporting the place of incorporation.

Plaintiff appears to allege that Allegra Hanson, P.C. is a professional corporation. Several circuit cases hold that a professional corporation is treated the same as any other corporation for diversity purposes. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739–43 (7th Cir. 2004) (professional corporation treated same as any other corporation for diversity purposes); *see also Saxe, Bacon & Bolan, P.C. v. Martindale– Hubbell, Inc.,* 710 F.2d 87, 89 (2d Cir. 1983) (professional corporations are corporations within the meaning of 28 U.S.C. § 1332); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (same). Following these circuit cases, a decision in this district has previously held that a "New Mexico professional corporation[ ] is treated as a corporation for diversity purposes." *Whitener v. Burnett*, Civ. No. 10-865 BRB/RHS, 2010 WL 11618919, at *2 n.1 (D.N.M. Dec. 13, 2010) (Baldock, J.) (citing *Hoagland*, 385 F.3d at 739–41). Here, Plaintiff has not alleged factual allegations plausibly alleging the citizenship of Allegra Hanson, P.C., such as the place of its incorporation or its principal place of business.

Finally, he asserts claims against Stratify LLC, which he appears to allege is an LLC. An LLC takes the citizenship of each of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015). "When an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018); *see also Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238. Plaintiff does not identify the members of the LLCs, which could include both individuals and corporations.

13

Plaintiff also does not allege facts establishing the citizenship of each member of an LLC. The Court finds that Plaintiff has not established the citizenship of each member of the LLC.

The Court finds that Plaintiff has not established the citizenship of the parties in his amended complaints. Therefore, the Court finds that Plaintiff has not established diversity jurisdiction.

Plaintiff bears the burden of establishing subject matter jurisdiction. Because Plaintiff's amended complaints fail to establish subject matter jurisdiction, the Court dismisses all seven cases.

**B.      Responses to the Orders to Show Cause.**

Plaintiff responded to the order to show cause in each case.  In each case he attempts to add factual allegations to establish subject matter jurisdiction. Even assuming the Court considers the additional facts in his orders to show cause, the additional factual allegations continue to fail to establish subject matter jurisdiction.

***Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson PC, and Compa Industries*, 1:24-cv-984 KWR/LF (D.N.M.).**

In *Lopez v. Hanson,* Plaintiff's Amended Complaint failed to allege facts supporting subject matter jurisdiction. Plaintiff's Amended Complaint was insufficient as it did not allege the domicile of individuals Samuel Rene Lopez or Allegra Hanson. Moreover, it did not allege the citizenship of Allegra Hanson, P.C., i.e. its place of incorporation and its principal place of business.  Plaintiff's response in *Lopez v. Hanson* continues to fail to establish subject matter jurisdiction. *Lopez v. Hanson*, 1:24-cv-984 KWR/LF, Doc. 23 (D.N.M.).

Plaintiff's response to the order to show cause does not establish diversity jurisdiction. First, Plaintiff asserts that he resides in Nevada.  However, he does not allege his domicile or allege

facts demonstrating his domicile. As explained in the Order to Show Cause, "[a]n individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Here, Plaintiff has only asserted that he resides in Nevada, and has not alleged his domicile. Therefore, he has not established his citizenship.

Similarly, Plaintiff asserts that Allegra Hanson resides in New Mexico, but he does not allege her domicile or allege facts supporting an assertion of her domicile.

As to Allegra Hanson, P.C., Plaintiff asserts that Allegra Hanson is the sole practitioner. But Plaintiff has not asserted any facts establishing the principal place of business of the professional corporation, as explained above. A corporation is considered domiciled where it is incorporated and where it has its principal place of business, 28 U.S.C. § 1332(c)(1), which is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010). Therefore, Plaintiff has not established the citizenship of Allegra Hanson, P.C.

Therefore, the Court concludes that Plaintiff's response to the order to show cause does not assert factual allegations establishing diversity jurisdiction in *Lopez v. Hanson*, 1:24-cv-984 KWR/LF (D.N.M.).

Plaintiff also asserts in his response to the order to show cause that the Court has federal question jurisdiction under the RICO statute. But Plaintiff has not alleged any federal claims in his Amended Complaint, and only asserts state law claims such as fraud or conspiracy. Moreover, his federal RICO claim was dismissed in a prior case. That dismissal was affirmed by the Tenth

Circuit.  *See Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015 (10th Cir. July 24, 2024).

Therefore, the Court concludes that Plaintiff has failed to establish subject matter jurisdiction and dismisses *Lopez v. Hanson*, 1:24-cv-984 KWR/LF (D.N.M.) without prejudice.

### *Lopez v. Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC.*, **1:24-cv-985 KWR/LF (D.N.M.).**

In *Lopez v. Armando Rene Lopez,* Plaintiff's Amended Complaint failed to allege facts supporting subject matter jurisdiction.  Plaintiff's Amended Complaint was insufficient as it did not allege the domicile of Armando Rene Lopez.  It also did not allege the citizenship of Stratify LLC or Compa Industries, Inc., or allege any facts establishing their citizenship.  Plaintiff's response in *Lopez v. Lopez* continues to fail to establish subject matter jurisdiction. *Lopez v. Lopez*, 1:24-cv-985 KWR/LF, Doc. 27 (D.N.M.).

Plaintiff's response to the order to show cause does not establish diversity jurisdiction. First, Plaintiff asserts that he resides in Nevada.  However, he does not allege his domicile or allege facts demonstrating his domicile. As explained in the Order to Show Cause, "[a]n individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  Here, Plaintiff has only asserted that he resides in Nevada, and has not alleged his domicile. Therefore, he has not established his citizenship.

Second, Plaintiff does not establish the domicile of Armando Rene Lopez.  Therefore, he has not established the citizenship of Armando Rene Lopez.

Third, Plaintiff alleges that Stratify LLC is a limited liability company. The Court set forth in detail the requirements for pleading the citizenship of an LLC and its members in the order to show cause. In his response, Plaintiff has not identified the members of Stratify LLC or the citizenship of the members of Stratify LLC, as explained above.

Finally, Plaintiff has not alleged the principal place of business of Compa Industries, Inc., or asserted factual allegations demonstrating the principal place of business of Compa Industries, Inc., which is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010).

Therefore, the Court concludes that Plaintiff's response to the order to show cause does not assert factual allegations establishing diversity jurisdiction in *Lopez v. Lopez*, 1:24-cv-985 KWR/LF (D.N.M.).

Plaintiff also asserts in his response to the order to show cause that the Court has federal question jurisdiction under the RICO statute. But Plaintiff has not alleged any federal claims in his Amended Complaint, and only asserts state law claims such as fraud or conspiracy. Moreover, his federal RICO claim was dismissed in a prior case. That dismissal was affirmed by the Tenth Circuit. *See Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015 (10th Cir. July 24, 2024).

Therefore, the Court concludes that Plaintiff has failed to establish subject matter jurisdiction and dismisses *Lopez v. Lopez*, 1:24-cv-985 KWR/LF (D.N.M.) without prejudice.

**Samuel Rene Lopez v. Ashley Chenot, Compa Industries, Inc., and Stratify, LLC., 1:24-cv-986 KWR/LF (D.N.M.)**

In *Lopez v. Chenot*, Plaintiff's Amended Complaint failed to allege facts supporting subject matter jurisdiction. It did not allege the domicile of Ashley Chenot. *Lopez v. Chenot*, 1:24-cv-986 KWR/LF, Doc. 10 (D.N.M.). It also did not allege the citizenship of Stratify LLC or Compa Industries, Inc., or allege any facts establishing their citizenship. Plaintiff's response in *Lopez v. Chenot, et al.* continues to fail to establish subject matter jurisdiction. *Lopez v. Chenot*, 1:24-cv-986 KWR/LF, Doc. 32 (D.N.M.).

Plaintiff's response to the order to show cause does not establish diversity jurisdiction. First, Plaintiff asserts that he resides in Nevada. However, he does not allege his domicile or allege facts demonstrating his domicile. As explained in the Order to Show Cause, "[a]n individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Here, Plaintiff has only asserted that he resides in Nevada, and has not alleged facts demonstrating his domicile. Therefore, he has not established his citizenship.

As to Ashley Chenot, Plaintiff has alleged a variety of states in which she has lived, but has not asserted facts establishing her domicile. Therefore, he has not established her citizenship.

Plaintiff alleges that Stratify LLC is a limited liability company. The Court set forth in detail the requirements for pleading the citizenship of an LLC and its members in the order to show cause. In his response, Plaintiff has not identified the members of Stratify LLC or the citizenship of the members of Stratify LLC, as explained above.

Finally, Plaintiff has not alleged the principal place of business of Compa Industries, Inc., or asserted factual allegations demonstrating the principal place of business of Compa Industries,

Inc., which is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010).

Therefore, the Court concludes that Plaintiff's response to the order to show cause does not assert factual allegations establishing diversity jurisdiction in *Lopez v. Chenot*, 1:24-cv-986 KWR/LF (D.N.M.).

Plaintiff also asserts in his response to the order to show cause that the Court has federal question jurisdiction under the RICO statute. But Plaintiff has not alleged any federal claims in his Amended Complaint, and only asserts state law claims such as fraud or conspiracy. Moreover, his federal RICO claim was dismissed in a prior case. That dismissal was affirmed by the Tenth Circuit. *See Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015 (10th Cir. July 24, 2024).

Therefore, the Court concludes that Plaintiff has failed to establish subject matter jurisdiction and dismisses *Lopez v. Chenot,* et al., 1:24-cv-986 KWR/LF (D.N.M.) without prejudice.

**Samuel Rene Lopez v. Bryant Bingham, Compa Industries, Inc., and Stratify, LLC., 1:24-cv-987 KWR/LF (D.N.M.).**

In *Lopez v. Bingham,* Plaintiff's Amended Complaint failed to allege facts supporting subject matter jurisdiction. Plaintiff's Amended Complaint was insufficient as it did not allege the domicile of Bryant Bingham. *Lopez v. Bingham*, 1:24-cv-987 KWR/LF, Doc. 16 (D.N.M.). It also did not allege the citizenship of Stratify LLC or Compa Industries, Inc., or allege any facts establishing their citizenship. Plaintiff did not allege any facts demonstrating his own citizenship.

19

Plaintiff's response to the order to show cause in *Lopez v. Bingham,* continues to fail to establish subject matter jurisdiction. *Lopez v. Bingham*, 1:24-cv-987 KWR/LF, Doc. 35 (D.N.M.).

Plaintiff's response to the order to show cause does not establish diversity jurisdiction. First, Plaintiff asserts that he resides in Nevada. However, he does not allege his domicile or allege facts demonstrating his domicile. As explained in the order to show cause, "[a]n individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Here, Plaintiff has only asserted that he resides in Nevada, and has not alleged facts demonstrating his domicile. Therefore, he has not established his citizenship.

Second, Plaintiff summarily asserts that Bryant Bingham is a citizen of Idaho, but does not assert any facts demonstrating that he is domiciled there. Therefore, Plaintiff has failed to establish Bryant Bingham's citizenship.

Third, Plaintiff alleges that Stratify LLC is a limited liability company. The Court set forth in detail the requirements for pleading the citizenship of an LLC and its members in the order to show cause. In his response, Plaintiff has not identified the members of Stratify LLC or the citizenship of the members of Stratify LLC, as explained above.

Finally, Plaintiff has not alleged the principal place of business of Compa Industries, Inc., or asserted factual allegations demonstrating the principal place of business of Compa Industries, Inc., which is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010).

Therefore, the Court concludes that Plaintiff's response to the order to show cause does not assert factual allegations establishing diversity jurisdiction in *Lopez v. Bingham,* 1:24-cv-987 KWR/LF (D.N.M.).

Plaintiff also asserts in his response to the order to show cause that the Court has federal question jurisdiction under the RICO statute. But Plaintiff has not alleged any federal claims in his Amended Complaint, and only asserts state law claims such as fraud or conspiracy. Moreover, his federal RICO claim was dismissed in a prior case. That dismissal was affirmed by the Tenth Circuit. *See Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015 (10th Cir. July 24, 2024).

Therefore, the Court concludes that Plaintiff has failed to establish subject matter jurisdiction and dismisses *Lopez v. Bingham,* 1:24-cv-987 KWR/LF (D.N.M.) without prejudice.

***Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-988 KWR/ LF (D.N.M.)**

In *Lopez v. Jensenlopez,* Plaintiff's Amended Complaint failed to assert facts plausibly alleging or establishing subject matter jurisdiction. Plaintiff's Amended Complaint was insufficient as it did not allege the domicile or citizenship of Daniel Jensenlopez. *Lopez v. Jensenlopez*, 1:24-cv-988 KWR/LF, Doc. 13 (D.N.M.). It also did not allege the citizenship of Stratify LLC or Compa Industries, Inc., or allege any facts establishing their citizenship. Plaintiff did not allege any facts demonstrating his own citizenship. Plaintiff's response to the order to show cause in *Lopez v. Jensenlopez* continues to fail to establish subject matter jurisdiction. *Lopez v. Jensenlopez*, 1:24-cv-988 KWR/LF, Doc. 19 (D.N.M.).

Plaintiff's response to the order to show cause does not establish diversity jurisdiction. First, Plaintiff asserts that he resides in Nevada. However, he does not allege his domicile or allege

facts demonstrating his domicile. As explained in the Order to Show Cause, "[a]n individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Here, Plaintiff has only asserted that he resides in Nevada, and has not alleged facts demonstrating his domicile. Therefore, he has not established his citizenship.

Next, Plaintiff summarily asserts that Defendant Jensenlopez is a citizen of Washington and lives in Washington. But he does not assert any facts demonstrating that he is domiciled there. Therefore, Plaintiff has failed to establish Daniel Jensenlopez's citizenship.

Plaintiff alleges that Stratify LLC is a limited liability company. The Court set forth in detail the requirements for pleading the citizenship of an LLC and its members in the order to show cause. In his response, Plaintiff has not identified the members of Stratify LLC or the citizenship of the members of Stratify LLC, as explained above.

Finally, Plaintiff has not alleged the principal place of business of Compa Industries, Inc., or asserted factual allegations demonstrating the principal place of business of Compa Industries, Inc., which is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010).

Therefore, the Court concludes that Plaintiff's response to the order to show cause does not assert factual allegations establishing diversity jurisdiction in *Lopez v. Jensenlopez, et al*., 1:24-cv-988 KWR/LF (D.N.M.).

22

Plaintiff also asserts in his response to the order to show cause that the Court has federal question jurisdiction under the RICO statute. But Plaintiff has not alleged any federal claims in his Amended Complaint, and only asserts state law claims such as fraud or conspiracy.  Moreover, his federal RICO claim was dismissed in a prior case. That dismissal was affirmed by the Tenth Circuit.  *See Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015 (10th Cir. July 24, 2024).

Therefore, the Court concludes that Plaintiff has failed to establish subject matter jurisdiction and dismisses *Lopez v. Jensenlopez, et al*., 1:24-cv-988 KWR/LF (D.N.M.) without prejudice.

***Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-990 KWR/LF (D.N.M.)**

In *Lopez v. Edna Louisa Lopez,* Plaintiff's Amended Complaint failed to assert facts plausibly alleging or establishing subject matter jurisdiction. Plaintiff's Amended Complaint was insufficient as it did not allege the domicile or citizenship of his mother Edna Louisa Lopez.  *Lopez v. Lopez*, 1:24-cv-990 KWR/LF, Doc. 10 (D.N.M.).  It also did not allege the citizenship of Stratify LLC or Compa Industries, Inc., or allege any facts establishing their citizenship.  Plaintiff did not allege any facts demonstrating his own citizenship. Plaintiff's response to the order to show cause in *Lopez v. Edna Louisa Lopez* continues to fail to establish subject matter jurisdiction. *Lopez v. Lopez*, 1:24-cv-990 KWR/LF, Doc. 26 (D.N.M.).

Plaintiff's response to the order to show cause does not establish diversity jurisdiction. First, Plaintiff asserts that he resides in Nevada or is a citizen of Nevada.  However, he does not allege his domicile or allege facts demonstrating his domicile. As explained in the Order to Show Cause, "[a]n individual's residence is not equivalent to [her] domicile and it is domicile that is

relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Here, Plaintiff has only asserted that he resides in Nevada, and has not alleged facts demonstrating his domicile. Therefore, he has not established his citizenship.

Next, Plaintiff summarily asserts that Defendant Edna Louisa Lopez is a citizen of New Mexico and lives in New Mexico. But he does not assert any facts demonstrating that she is domiciled there. Therefore, Plaintiff has failed to establish Edna Louisa Lopez's citizenship.

Plaintiff alleges that Stratify LLC is a limited liability company. The Court set forth in detail the requirements for pleading the citizenship of an LLC and its members in the order to show cause. In his response, Plaintiff has not identified the members of Stratify LLC or the citizenship of the members of Stratify LLC, as explained above.

Finally, Plaintiff has not alleged the principal place of business of Compa Industries, Inc., or asserted factual allegations demonstrating the principal place of business of Compa Industries, Inc., which is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010).

Therefore, the Court concludes that Plaintiff's response to the order to show cause does not assert factual allegations establishing diversity jurisdiction in *Lopez v. Edna Louisa Lopez*, 1:24-cv-990 KWR/LF (D.N.M.).

Plaintiff also asserts in his response to the order to show cause that the Court has federal question jurisdiction under the RICO statute. But Plaintiff has not alleged any federal claims in his Amended Complaint, and only asserts state law claims such as fraud or conspiracy. Moreover, his

federal RICO claim was dismissed in a prior case. That dismissal was affirmed by the Tenth Circuit. *See Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015 (10th Cir. July 24, 2024).

Therefore, the Court concludes that Plaintiff has failed to establish subject matter jurisdiction and dismisses *Lopez v. Edna Louisa Lopez*, 1:24-cv-990 KWR/LF (D.N.M.) without prejudice.

### *Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-991 KWR/LF (D.N.M.)

In *Lopez v. Monty,* Plaintiff's Amended Complaint failed to assert facts plausibly alleging or establishing subject matter jurisdiction. Plaintiff's Amended Complaint was insufficient as it did not allege the domicile or citizenship of Karen Monty. *Lopez v. Monty*, 1:24-cv-991 KWR/LF, Doc. 9 (D.N.M.). It also did not allege the citizenship of Stratify LLC or Compa Industries, Inc., or allege any facts establishing their citizenship. Plaintiff did not allege any facts demonstrating his own citizenship. Plaintiff's response to the order to show cause in *Lopez v. Monty* continues to fail to establish subject matter jurisdiction. *Lopez v. Monty*, 1:24-cv-991 KWR/LF, Doc. 17 (D.N.M.).

Plaintiff's response to the order to show cause does not establish diversity jurisdiction. First, Plaintiff asserts that he resides in Nevada or is a citizen of Nevada. However, he does not allege his domicile or allege facts demonstrating his domicile. As explained in the Order to Show Cause, "[a]n individual's residence is not equivalent to [her] domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir.

2014).  Here, Plaintiff has only asserted that he resides in Nevada, and has not alleged facts demonstrating his domicile. Therefore, he has not established his citizenship.

Second, Plaintiff summarily asserts that Defendant Karen Monty is a citizen of New Mexico and lives in New Mexico. But he does not assert any facts demonstrating that she is domiciled there.  Therefore, Plaintiff has failed to establish Karen Monty's citizenship.

Plaintiff alleges that Stratify LLC is a limited liability company. The Court set forth in detail the requirements for pleading the citizenship of an LLC and its members in the order to show cause.  In his response, Plaintiff has not identified the members of Stratify LLC or the citizenship of the members of Stratify LLC, as explained above.

Finally, Plaintiff has not alleged the principal place of business of Compa Industries, Inc., or asserted factual allegations demonstrating the principal place of business of Compa Industries, Inc., which is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010).

Therefore, the Court concludes that Plaintiff's response to the order to show cause does not assert factual allegations establishing diversity jurisdiction in *Lopez v. Monty*, 1:24-cv-991 KWR/LF (D.N.M.).

Plaintiff also asserts in his response to the order to show cause that the Court has federal question jurisdiction under the RICO statute. But Plaintiff has not alleged any federal claims in his Amended Complaint, and only asserts state law claims such as fraud or conspiracy.  Moreover, his federal RICO claim was dismissed in a prior case. That dismissal was affirmed by the Tenth Circuit.  *See Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015 (10th Cir. July 24, 2024).

Therefore, the Court concludes that Plaintiff has failed to establish subject matter jurisdiction and dismisses *Lopez v. Monty*, 1:24-cv-991 KWR/LF (D.N.M.) without prejudice.

### C.    Conclusion.

Plaintiff failed to carry his burden of establishing subject matter jurisdiction. "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, [] courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction. The party seeking the exercise of jurisdiction in his favor must allege in his pleading *the facts* essential to show jurisdiction." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013–14 (10th Cir. 2018) (emphasis added) (internal citations and quotation marks omitted).  Here, Plaintiff's amended complaints failed to plead facts establishing subject matter jurisdiction, for the reasons stated above.

The Court gave Plaintiff an opportunity to establish subject matter jurisdiction, and set forth the relevant standards in detail, in orders to show cause entered in each case.  Although Plaintiff responded, he failed to identify the citizenship of each defendant or failed to assert factual allegations establishing their citizenship.

Therefore, the Court concludes that Plaintiff has failed to carry his burden of pleading or establishing subject matter jurisdiction. *See, e.g., Lopez v. Cantex Health Care Centers II, LLC*, No. 23-2038, 2023 WL 7321637, at *5 (10th Cir. Nov. 7, 2023) (where the party with the burden of establishing jurisdiction fails to identify the citizenship of each party or show that the court has diversity jurisdiction, case should be remanded).

## II.    <u>Alternatively, Plaintiff fails to state a claim in each case</u>.

Assuming the court has subject matter jurisdiction, the Court alternatively concludes that Plaintiff's complaints continue to fail to state a claim, for the reasons stated in the prior orders to show cause.

Plaintiff asserts New Mexico state-law claims for conversion, racketeering, fraud and civil conspiracy. "Conversion is the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property." *Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 22.

Plaintiff also asserts racketeering claims. "The elements of racketeering are: (1) Defendant was associated with an enterprise; (2) while associated with this enterprise, Defendant directly or indirectly conducted or participated in the conduct of the affairs of the enterprise by engaging in a pattern of racketeering activity." *New Mexico v. Armijo*, 1997-NMCA-080, ¶ 23 (citing N.M.S.A. §§ 30-42-3, -4); *New Mexico v. Rael*, 1999-NMCA-068, ¶ 10 ("factors to be considered in determining the existence of an enterprise include the identity of the individuals involved, their knowledge of the relevant activities, the amount of planning required to carry out the predicate acts, the frequency of the acts, the time span between each act, and the existence of an identifiable structure within the association or entity"); N.M.S.A. § 30-42-3(D) ("'pattern of racketeering activity' means engaging in at least two incidents of racketeering with the intent of accomplishing any of the prohibited activities set forth in Subsections A through D of Section 30-42-4").

Plaintiff asserts multiple claims for fraud. "The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation ... Our case law

provides, in the general sense, that a plaintiff alleging fraud may recover such damages as are the direct and natural consequences" of the reliance on a fraudulent representation. *Williams v. Stewart,* 2005-NMCA-061, ¶ 34, 112 P.3d 281. Moreover, a Plaintiff asserting a fraud claim must satisfy a higher pleading standard under Fed. R. Civ. P. 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

To state a claim for civil conspiracy, Plaintiff must allege: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiff was] damaged as a result of such acts." *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085 ¶ 28; *Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 2002-NMCA-030 ¶ 43 ("Civil conspiracy is an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means").

The Court addresses the claims in each case below.

**A.    *Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson PC, and Compa Industries*, 1:24-cv-984 KWR/LF (D.N.M.)**

In his amended complaint Plaintiff asserted various fraud and conspiracy claims against Allegra Hanson, who acted as counsel for his family's business:

- Count One: Fraud/Conspiracy
- Count Two: Fraud/Conspiracy
- Count Three: Fraud/Conversion/Conspiracy
- Count Four: Fraud/Conspiracy
- Count Five: Fraud/Conspiracy
- Count Six: Racketeering

Amended Complaint, *Lopez v. Hanson,* 1:24-cv-984 KWR/LF Doc. 11 (D.N.M.). The Court issued an order to show cause why Plaintiff's claims should not be dismissed, which noted in part as follows:

> Many of Plaintiff's allegations are vague or conclusory. *See*, *for example*, Complaint at 4-5, 10 ("Hanson downplayed the significance of the crime [allegedly

committed by another person];" "Hanson obfuscated the crime;" "Hanson was
instrumental in covering up this crime;" "Hanson was also a key player in the
schemes of [other persons];" "Hanson was instrumental in the breaking of the
Plaintiff's written contract;" "Hanson was instrumental in the fraud that lead to
wrongful termination of the Plaintiff's employment"). Vague and conclusory
allegations are not sufficient to state a claim. *See Brooks v. Mentor Worldwide LLC*,
985 F.3d 1272, 1281 (10th Cir. 2021) ("we disregard conclusory statements and
look to the remaining factual allegations to see whether Plaintiffs have stated a
plausible claim"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County
Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal
court, a complaint must explain what each defendant did to him or her; when the
defendant did it; how the defendant's action harmed him or her; and, what specific
legal right the plaintiff believes the defendant violated."). Other allegations in the
Complaint, such as those that state Defendant acted as counsel, attended a meeting,
raised her voice and tried to intimidate Plaintiff by calling him Sammy, insulted
and disparaged Plaintiff to his mother, and ignored Plaintiffs emails, are not
sufficient to state plausible claims for conversion, racketeering, fraud and civil
conspiracy.

Order to Show Cause, *Lopez v. Hanson et al.,* 1:24-cv-984 KWR/LF, Doc. 8 at 4-5 (D.N.M.).

Although Plaintiff filed an Amended Complaint in response to the order to show cause, there were

no material factual changes as to the fraud, conspiracy, conversion, and racketeering claims.

As to Count One, Plaintiff asserts that he was "extorted" by CFO Jensenlopez to recruit

"labor for his personal company, Stratify LLC in the last week of October 2019."  Amended

Complaint, *Lopez v. Hanson et al.,* 1:24-cv-984 KWR/LF, Doc. 11 at ¶ 12 (D.N.M.).  Plaintiff

alleges that Defendant Allegra Hanson was brought in to "resolve" the injury. Plaintiff appears to

assert that Allegra Hanson mediated a resolution between Plaintiff and others.  As explained in the

order to show cause, Plaintiff's vague or conclusory assertions fail to assert a fraud or conspiracy

claim under Count One.

Alternatively, Plaintiff alleges that Allegra Hanson "covered up" the "crime" in the "last

week of October 2019."  *Id.* at ¶ 16.  Here, it appears that Plaintiff alleges that the fraud and

conspiracy claims occurred in October 2019.  As this case was filed on September 30, 2024, these

New Mexico claims under Count One are therefore barred under the statute of limitations.

N.M.S.A. § 37-1-4 (claims brought for injuries to property, conversion of personal property and for fraud must be brought within four years); N.M.S.A. 37-1-8 ("Actions must be brought … for an injury to the person … within three years").

Under Count Two, Plaintiff alleged fraud and conspiracy claims, asserting that his mother Edna Lopez gave him, through Defendant Hanson, a copy of her will which was different than what he expected.  Plaintiff alleges that Defendant Hanson committed fraud by hiding the Ms. Lopez's current will.  Plaintiff asserts that the current will was necessary to gain HUBZone certification through the federal government.  As explained in the OSC, these vague or conclusory allegations do not establish fraud or conspiracy.

Under Count Three, Plaintiff alleged fraud, conversion, and conspiracy claims.  He asserts that he had a contract dispute with his mother, Edna Lopez.  He alleges that Ms. Lopez fraudulently deprived him of the benefit of the contract. Allegra Hanson, acting as Ms. Lopez's counsel, met with Plaintiff regarding the contractual dispute.  Plaintiff alleged that according to her counsel Defendant Hanson, Ms. Lopez did not have to honor the alleged contract. Here, Plaintiff's vague and conclusory pleadings are insufficient to plausibly allege a fraud, conversion, or conspiracy claim under Count Three.

Under Count Four, Plaintiff asserted fraud and conspiracy claims. He asserts he was approached by Karen Monty and Edna Lopez to complete software in which Jensenlopez invested $750,000 of the company's money. Plaintiff concluded that the software was a "fraudulent scam." *Id.* at ¶ 55. Plaintiff alleges that he pushed for CFO Jensenlopez to be audited.  Plaintiff alleges that Defendant Allegra Hanson covered up the "crimes" of Defendant Jensenlopez. *Id.* Plaintiff only alleged vague or conclusory allegations and did not plead factual allegations plausibly alleging fraud or conspiracy.

31

Under Count Five, Plaintiff asserted fraud and conspiracy claims. Plaintiff alleges that Defendant Hanson was complicit in a scheme to defraud the federal government, but does not assert factual allegations supporting the alleged fraud or conspiracy.

Finally, under Count Six Plaintiff asserts a state-law racketeering claim. "The elements of racketeering are: (1) Defendant was associated with an enterprise; (2) while associated with this enterprise, Defendant directly or indirectly conducted or participated in the conduct of the affairs of the enterprise by engaging in a pattern of racketeering activity." *New Mexico v. Armijo*, 1997-NMCA-080, ¶ 23 (citing N.M.S.A. §§ 30-42-3, -4); *New Mexico v. Rael*, 1999-NMCA-068, ¶ 10 ("factors to be considered in determining the existence of an enterprise include the identity of the individuals involved, their knowledge of the relevant activities, the amount of planning required to carry out the predicate acts, the frequency of the acts, the time span between each act, and the existence of an identifiable structure within the association or entity"). Section 30-42-3 lists multiple racketeering activities, which are crimes punishable by imprisonment for more than one year. N.M.S.A. § 30-42-3(A)(1)-(33); N.M.S.A. § 30-42-3(D) ("'pattern of racketeering activity' means engaging in at least two incidents of racketeering with the intent of accomplishing any of the prohibited activities set forth in Subsections A through D of Section 30-42-4"). Plaintiff summarily alleged that: "Hanson protected the schemes of Edna Lopez, Daniel Jensenlopez, and Karen Monty that injure the Plaintiff in the above frauds and extortion", "Hanson Covered up the extortion the Plaintiff suffered", etc. Am. Compl., Doc. 11 at ¶¶ 76-88. As explained in the OSC, these statements are vague and conclusory, and do not establish a plausible state-law racketeering claim, including that an enterprise existed, that Defendant Hanson was associated with an enterprise, or that Defendant Hanson conducted the affairs of the enterprise by engaging in a

pattern of racketeering activity.[1]  Many of the alleged acts are not racketeering activities under the state statute cited above, and Plaintiff failed to plausibly allege that Defendant Hanson committed fraud.

Plaintiff also alleges that Defendants Allegra Hanson, P.C. and Compa Industries, Inc. are liable under *respondeat superior* principles. "Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of his or her employment." *Ocana v. Am. Furniture Co.,* 2004–NMSC–018, ¶ 29, 135 N.M. 539, 91 P.3d 58. The act of an employee is within the scope of employment if

> 1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
> 2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

UJI 13–407 NMRA. "[A]n employer is not generally liable for an employee's intentional torts because an employee who intentionally injures another individual is generally considered to be acting outside the scope of his or her employment." *Ocana,* 2004–NMSC–018, ¶ 29, 135 N.M. 539, 91 P.3d 58l; *Spurlock v. Townes*, 2016-NMSC-014, ¶ 13. The Amended Complaint fails to state claims against Allegra Hanson P.C. and Compa Industries Inc. because the Amended Complaint fails to state claims against Defendant Hanson.

**B.      *Samuel Rene Lopez* v. *Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC.*, 1:24-cv-985 KWR/LF (D.N.M.).**

---

[1] The Tenth Circuit addressed and rejected similar RICO claims asserted by Plaintiff against Defendants in a prior case. *See, e.g. Lopez v. Compa Indus., Inc.,* No. 24-2041, 2024 WL 3518015, at *4 (10th Cir. July 24, 2024) ("For example, Lopez's complaint alleges that his brother committed wire fraud by sabotaging an application that Lopez submitted seeking a particular government certification for Compa, but he never describes the actual false representation his brother made at this time or how his brother intended to obtain money or property as a result.")

Plaintiff asserts the following claims against Defendant Armando Lopez, who he alleges

was the Chief Information Officer for Compa Industries, Inc.:

> Count One: Fraud, Conversion and Conspiracy

> Count Two: Theft and Destruction of Evidence

Amended Complaint, *Lopez v. Lopez et al.,* 1:24-cv-985 KWR/LF, Doc. 13 (D.N.M.). In an Order

to Show Cause, the Court recited the relevant standards and the elements of the claims and stated

in part as follows:

> Some of Plaintiff's allegations are vague or conclusory. *See*, *for example*,
> Complaint at 5-8 (Lopez "cooperated, colluded and conspired with Edna Lopez, to
> steal the job and work created from the fruits of the Plaintiff's labor;" "Lopez
> cooperated, colluded, and conspired in the above claims in a racketeering scheme
> to steal the fruits of the Plaintiff's labor and job from him"). Vague and conclusory
> allegations are not sufficient to state a claim. *See Brooks v. Mentor Worldwide LLC*,
> 985 F.3d 1272, 1281 (10th Cir. 2021) ("we disregard conclusory statements and
> look to the remaining factual allegations to see whether Plaintiffs have stated a
> plausible claim"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County
> Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal
> court, a complaint must explain what each defendant did to him or her; when the
> defendant did it; how the defendant's action harmed him or her; and, what specific
> legal right the plaintiff believes the defendant violated."). Other allegations in the
> Complaint, such as those that Defendant Lopez did not stick up for Plaintiff, tried
> to defame Plaintiff, and stole Plaintiff's job, are not sufficient to state plausible
> claims for racketeering, fraud and civil conspiracy.

*Id.,* Doc. 6 at 4-5. In response to the OSC, Plaintiff filed an amended complaint.  However, the

amended complaint did not make material changes to the factual allegations.  As explained below,

the Court concludes that the amended complaint continues to fail to state a claim, for the reasons

stated in the order to show cause.

Under Count One, Plaintiff alleges fraud, conversion, and conspiracy claims. He asserts

that Armando Lopez "took his job while his contract was breached and in negotiations with Edna

Lopez and Daniel Jensenlopez" over May 2020 through February 2021. *Id.* at ¶ 25.  As explained

in the OSC, Plaintiff only pled vague or conclusory allegations and has not alleged facts which

plausibly state a claim.  It is unclear how any acts by Defendant Armando Loepz constitute fraud, conspiracy, or conversion.

Under Count Two, Plaintiff alleges that while Plaintiff was staying at Armando Lopez's house, Armando Lopez wiped data from his phone or destroyed his physical papers.  Plaintiff asserts conversion and destruction of evidence claims.

First, Plaintiff has not asserted facts plausibly alleging a spoliation claim. New Mexico recognizes the tort of intentional spoliation of evidence. *See Gcm, Inc. v. Ky. Cent. Life Ins. Co.*, 1997-NMSC-052, at ¶ 16, 124 N.M. 186, 947 P.2d 143 (N.M. 1997) (citing *Coleman v. Eddy Potash, Inc.*, 1995-NMSC-063, 120 N.M. 645, 905 P.2d 185 (N.M. 1995) (recognizing intentional spoliation of evidence), *overruled on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148 (N.M. 2001)). The *Coleman* case outlines the elements of spoliation as follows:

> (1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages.

*Coleman*, 1995-NMSC-70, at ¶ 13 *cf.* UJI § 13-1650 NMRA ("Spoliation of Evidence").  Here, Plaintiff has not asserted facts plausibly alleging a spoliation claim.  He has not stated factual allegations explaining what potential evidence was destroyed, a causal relationship between the act of spoliation and the inability to prove the lawsuit, or damages.  Moreover, he appears to allege that he recovered the data deleted from his phone. Amended Complaint, Exhibit A, Doc. 13-1 at 3.  Thus, Plaintiff's spoliation claim is dismissed.

Second, Plaintiff has not plausibly alleged a conversion claim.  He has not asserted facts stating what documents or data was taken from him.  Moreover, he appears to assert that the papers

taken from him belonged to Compa Industries. *Id.* He appears to allege that he recovered the data deleted from his phone. *Id.*

Finally, Plaintiff's respondeat superior claims against Stratify LLC and Compa Industries fail because the underlying claims against Defendant Lopez fail. Moreover, Plaintiff has not shown why Defendants Compa Industries, Inc. and Stratify, LLC should be liable under *respondeat superior* principles for the alleged intentional tort of theft.

**C.**    ***Samuel Rene Lopez v. Chenot, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-986 KWR/LF (D.N.M.).**

Plaintiff alleges that Defendant Ashley Chenot was working as a payroll manager for Compa Industries and she initially did not report his earnings to any state. Plaintiff alleges that she reported his wages in July 2021 or September 2021. Amended Complaint, *Lopez v. Chenot,* 1:24-cv-986 KWR/LF, Doc. 10 at ¶9 (D.N.M.). Plaintiff alleges that this failure to report his wages resulted in denial of his unemployment benefits for eight months. *Id.* at ¶ 12. In his Amended Complaint, Plaintiff alleges the following claims:

Count One: Fraud

Count Two: Mail Fraud /Conversion

Amended Complaint, *Lopez v. Chenot*, 1:24-cv-986 KWR/LF, Doc. 10 (D.N.M.).

The Court issued an order to show cause directing Plaintiff to show cause why the Court should not dismiss his claims for failure to state a claim. The Court noted in part as follows:

> Some of Plaintiff's allegations are vague or conclusory. *See*, *for example*, *doc. 1* at 4-5 ("Chenot's gross negligence led to the denial of Plaintiff's unemployment benefits;" "Chenot did not do this part of her job, at all, for around 578 days since the Plaintiff was first employed with Compa Industries;" "Chenot injured the Plaintiff in cooperation, collusion, and conspiracy with her superior"). Vague and conclusory allegations are not sufficient to state a claim. *See Brooks*, 985 F.3d at 1281 ("[W]e disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim."); *Nasious v.*

>Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158,
>1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain
>what each defendant did to him or her; when the defendant did it; how the
>defendant's action harmed him or her; and, what specific legal right the plaintiff
>believes the defendant violated."). Other allegations in the Complaint, such as those
>that state Defendant Chenot did not report Plaintiff's earning to any state, lied in
>emails she sent to Plaintiff, and was promoted to Human Resources Manager, are
>not sufficient to state plausible claims for conversion, racketeering, fraud and civil
>conspiracy.

Order to Show Cause, *Lopez v. Chenot*, 1:24-cv-986 KWR/LF, Doc. 6 at 6 (D.N.M.).

Under Count One, Plaintiff alleges that Defendant Chenot failed to submit his earnings to any state until July 2021 or September 2021, after his employment ended. He asserts this impeded his ability to obtain unemployment benefits. Plaintiff's vague and conclusory allegations do not assert a fraud claim.

Next, Plaintiff asserts mail fraud and conversion claims under Count Two. It is unclear what type of claim Plaintiff asserts as a "mail fraud" claim under Count Two. The Court interprets Plaintiff's "mail fraud" claim as a state law fraud claim, as an individual may not assert a federal mail fraud claim under 18 U.S.C. § 1341. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Plaintiff alleges that Defendant Chenot committed fraud and conversion by (1) delaying reporting his wages to Nevada, which impeded his ability to collect unemployment and (2) falsely telling him over e-mail that his wages were reported to Nevada on July 5, 2021 when they were not. Plaintiff's allegations simply continue to be vague and conclusory, as explained in the order to show cause, and otherwise do not state a fraud or conversion claim.

Plaintiff also asserts that Compa Industries, Inc. and Stratify LLC are liable under a theory of *respondeat superior*. As explained in the order to show cause, the amended complaint fails to

37

state claims against Compa Industries and Stratify LLC because the amended complaint fails to state a claim against Defendant Chenot.  *Id.*, Doc. 6 at 7.

      **D.**    ***Samuel Rene Lopez v. Bryant Bingham, Compa Industries, Inc., and Stratify, LLC.,* 1:24-cv-987 KWR/LF (D.N.M.).**

In his amended complaint, Plaintiff asserted various fraud, conspiracy, and conversion claims against Bryant Bingham, who acted as Chief Operating Officer for his family's business:

      Count One: Fraud, Conspiracy, and Conversion

      Count Two: Fraud, Conspiracy, and Conversion

Amended Complaint, *Lopez v. Bingham,* 1:24-cv-987 KWR/LF, Doc. 16 (D.N.M.).  The Court issued an Order to Show Cause, in which it set forth the elements of these claims and explained that his allegations were vague and conclusory. The Order to Show cause explained in part as follows:

> Many of Plaintiff's allegations are vague or conclusory. *See*, *for example*, Complaint at 1, 5-6 ("Bingham conspired and colluded with Daniel Jensenlopez to steal the Plaintiff's job, using a series of frauds;" "Bingham stole the Plaintiff's job;" "[Plaintiff's] contract was breached and converted by Bingham;" "Bingham colluded and racketed the Plaintiff's job and breached his contract via conversion, conspiracy, and fraud with [other persons]"). Vague and conclusory allegations are not sufficient to state a claim. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Other allegations in the Complaint, such as those that state Defendant witnessed Plaintiff's work, failed to acquire a contract at Los Alamos, took Plaintiff's job, allowed another person to avoid internal audits and breached a contract, are not sufficient to state plausible claims for conversion, racketeering, fraud and civil conspiracy.

*Id.,* Doc. 9 at 4. Plaintiff filed an amended complaint, but did not make material changes to the factual allegations relevant to the claims below. As explained in the order to show cause, Plaintiff's amended complaint continues to fail to state a claim.

Under Count One, Plaintiff asserts fraud, conspiracy, and conversion claims. Plaintiff alleges that he had a job or contract with Compa Industries to obtain an SBA HUBZone certification for Compa Industries. He asserts he administered Compa Industries' HUB account. He asserts that Defendant Bingham and Jensenlopez, who worked at Compa Industries, obtained the login credentials for that account by falsely stating that a contract officer requested the login credentials. These vague or conclusory allegations do not state a claim for fraud, conversion, or conspiracy. For example, "[c]onversion is the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property." *Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 22. Plaintiff has also not alleged that Defendants exercised control over Plaintiff's personal property – the login credentials for Compa Industries' SBA HUBZone account.

Under Count Two, Plaintiff alleges that Bingham "took the Plaintiff's job" at Compa Industries which resulted in his "wrongful termination." *Id.,* Amended Complaint, Doc. 16 at ¶¶ 23-24. These vague or conclusory allegations are insufficient to state a claim for fraud, conversion, or conspiracy.

Because Plaintiff's claims against Defendant Bingham fail, his *respondeat superior* claims against Compa Industries and Stratify LLC also fail.

E.    ***Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-988 KWR/ LF (D.N.M.).**

Plaintiff asserts the following claims against Defendant Daniel Jensenlopez, who he alleges

was the Chief Finance Officer for Compa Industries, Inc.:

      Count One: Fraud, Extortion and Conspiracy

      Count Two: Fraud

      Count Three: Fraud

      Count Four: Fraud/Conspiracy

      Count Five: Fraud, Conspiracy and Conversion

      Count Six: Fraud, Conspiracy, and Conversion

      Count Seven: Fraud, Breach of Oral Contract

      Count Eight: Fraud

      Count Nine: Fraud

      Count Ten: Fraud

      Count Eleven: Fraud

      Count Twelve: Fraud

      Count Thirteen: Harassment

      Count Fourteen: Conspiracy

Amended Complaint, *Lopez v. Jensenlopez et al.,* 1:24-cv-988 KWR/LF Doc. 13 (D.N.M.). In an

Order to Show Cause, the Court recited the elements of the claims and stated in part as follows:

> The Complaint fails to state claims for conversion, racketeering, fraud and civil
> conspiracy. Some of Plaintiff's allegations are vague or conclusory. *See*, *for
> example*, Complaint at 19-20 ("Jensenlopez colluded in the above claims in a
> racketeering scheme to steal the fruits of the Plaintiff's labor and job from him;"
> "Jensenlopez with [other persons] were also instrumental in the scheme of
> conversion of the contract the Plaintiff acquires with CEO, Edna Lopez;"
> "Jensenlopez was instrumental in the fraud to steal the HUB Zone credentials;"
> "Jensenlopez extorted the Plaintiff on multiple occasions, spanning nearly a
> decade;" "Jensenlopez racketed labor from Compa Industries Inc staff for Straify
> LLC;"). Vague and conclusory allegations are not sufficient to state a claim. *See*

> *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492
> F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint
> must explain what each defendant did to him or her; when the defendant did it; how
> the defendant's action harmed him or her; and, what specific legal right the plaintiff
> believes the defendant violated."). Other allegations in the Complaint, such as
> Defendant made jokes, did not give Plaintiff a raise and promotion, lied to Plaintiff,
> gave Plaintiff a bad reference, gave himself a raise, and hired a friend, are not
> sufficient to state claims for conversion, racketeering, fraud and civil conspiracy.

Order to Show Cause, *Lopez v. Jensenlopez et al.,* 1:24-cv-988 KWR/LF, Doc. 7 at 4-5 (D.N.M.).

In response to the OSC, Plaintiff filed an amended complaint. However, the amended complaint did not make material changes to the factual allegations, aside from removing some claims. As explained below, the Court concludes that the amended complaint continues to fail to state a claim, for the reasons stated in the order to show cause.

Plaintiff asserts multiple fraud, conspiracy, conversion claims which are simply too vague and conclusory. The Court noted in the order to show cause that the claims were vague and conclusory, set forth the relevant pleading standard, and set forth the elements of the claims to aid Plaintiff in properly pleading factual allegations in support of his claims. Nevertheless, he generally did not make material changes by adding sufficient factual allegations in support of his claims. For example, under Count Two Plaintiff alleges that Defendant Jensenlopez sabotaged Plaintiff's work for Compa Industries by denying he received an email from the SBA. He asserts this delayed the certification with the Small Business Administration. These allegations are vague and conclusory, and otherwise do not state a fraud claim. Under Count Three, Plaintiff alleges that Defendant Jensenlopez sabotaged Plaintiff's work by ruining the file structure for one of his proposals. These allegations are simply too vague and conclusory to state a claim. Under Counts Four and Five, Plaintiff alleges that Defendant Jensenlopez obtained the login credentials from him for Compa Industries' SBA HUBZone account, effectively taking part of his job administering

the account for Compa Industries. These allegations under Counts Four and Five are similarly vague and conclusory, and otherwise do not state a fraud or conspiracy claim.

Under Count Thirteen, Plaintiff alleges that he was harassed by Defendant Jensenlopez when he sent two e-mails to Plaintiff, one regarding a renewal notice and another concerning a new car Jensenlopez bought. These allegations are similarly vague and conclusory, and otherwise do not state a harassment claim.

Plaintiff also alleges that Defendants Stratify LLC and Compa Industries are liable under a theory of *respondeat superior*. As explained in the order to show cause, Plaintiff's *respondeat superior* claims fail because the underlying claims fail.

Therefore, assuming the Court has subject matter jurisdiction over this case, all claims asserted in *Lopez v. Jensenlopez*, 1:24-cv-988 KWR/LF (D.N.M.) are alternatively dismissed for failure to state a claim.

### F.    *Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-990 KWR/LF (D.N.M.)

Plaintiff alleges the following claims against his mother, Defendant Edna Louisa Lopez, who was the CEO of Compa Industries:

Count One: Fraud/Conspiracy

Count Two: Fraud

Count Three: Breach of Contract

Count Four: Fraud/Conspiracy

Count Five: Fraud/Conspiracy

Count Six: Fraud/Conspiracy

Count Seven: Fraud/Conspiracy

Count Eight: Battery

Amended Complaint, *Lopez v. Lopez et al.,* 1:24-cv-990 KWR/LF Doc. 10 (D.N.M.). In an Order

to Show Cause, the Court recited the elements of the claims and stated in part as follows:

> Many of Plaintiff's allegations are vague or conclusory. *See*, *for example*,
> Complaint at 8–10, 12, 15 (Lopez "failed to protect the plaintiff from further abuses
> and injuries from Jensenlopez;" "Lopez conspired with her Lawyer to give the
> Plaintiff an outdated, invalid Will from around 2011 to submit to the SBA -Small
> Business Administration, for the certification;" "Lopez also used her lawyer,
> Allegra Hanson, to bully the Plaintiff out of his contract;" "Lopez terminated the
> Plaintiff's employment in February 2021 under fraudulent pretenses;" "Lopez was
> complicit to the theft of this critical part of the Plaintiff's job;" Lopez "colluded"
> with others and "was instrumental" in racketeering and fraud schemes). Vague and
> conclusory allegations are not sufficient to state a claim. *See Brooks v. Mentor*
> *Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("we disregard conclusory
> statements and look to the remaining factual allegations to see whether Plaintiffs
> have stated a plausible claim"); *Nasious v. Two Unknown B.I.C.E. Agents, at*
> *Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state
> a claim in federal court, a complaint must explain what each defendant did to him
> or her; when the defendant did it; how the defendant's action harmed him or her;
> and, what specific legal right the plaintiff believes the defendant violated."). Other
> allegations in the Complaint, such as those that state Defendant witnessed
> Plaintiff's work, failed to acquire a contract at Los Alamos, took Plaintiff's job,
> allowed another person to avoid internal audits and breached a contract, are not
> sufficient to state plausible claims for conversion, racketeering, fraud and civil
> conspiracy.

Order to Show Cause, *Lopez v. Lopez et al.,* 1:24-cv-990 KWR/LF, Doc. 6 at 5-6 (D.N.M.).

Moreover, the Court explained in the order to show cause the elements of a breach of contract

claim and explained that Plaintiff's complaint failed to state a claim. *Id.* at 6-7. Plaintiff's claims

remain vague and conclusory, and Plaintiff has failed to state a claim, as explained below.

Under Count One, Plaintiff alleges fraud and conspiracy claims against Defendant Edna

Lopez because Defendant Jensenlopez did not pay him for five hours of work at Stratify LLC.  He

alleges he was eventually paid for the five hours of work. Plaintiff did not allege Defendant Edna

Lopez's participation in this alleged fraud or conspiracy, and his vague or conclusory allegations

otherwise do not state a fraud or conspiracy claim.

Under Count Two, Plaintiff alleges that he is not treated as well as his brothers in Edna Lopez's will, although he was told he would be. Plaintiff's vague and conclusory allegations do not state a fraud claim.

Under Count Three, Plaintiff alleges a breach of contract claim for his alleged work on certifying Compa Industries under the Small Business Administration's HUBZone program. "In order to establish a breach of contract claim, a party must show that (1) there was a contractual obligation; (2) the opposing party breached the contract; and (3) the breach resulted in damages." *McLaughlin v. Santa Fe Community College*, 2023WL7018418, ¶ 11 (N.M. Ct. app. 2023) (citing *Cent. Mkt., Ltd., Inc. v. Multi-Concept Hosp., LLC*, 2022-NMCA-021, ¶ 38); *See Talbott v. Roswell Hosp. Corp.*, 2005-NMCA-109, ¶ 14 ("The essential attributes of a contract include an offer, an acceptance, consideration, and mutual assent"). Here, Plaintiff's allegations are vague and conclusory. Plaintiff has not alleged sufficient factual allegations establishing an offer, acceptance, and consideration. He has also not alleged factual allegations plausibly alleging a breach.

Under Count Four, Plaintiff alleges that others demanded a part of his job at Compa Industries, administering Compa Industries' SAM.gov account. He alleges they falsely stated that a contracting officer requested the login credentials for Compa Industries' online account. Plaintiff's vague and conclusory allegations do not state a fraud or conspiracy claim.

Under Count Five, Plaintiff alleges that Defendant Edna Lopez conspired with others to deprive him of compensation for work he performed on the HUBZone certification. Plaintiff's vague and conclusory allegations do not state a fraud or conspiracy claim.

Under Count Six, Plaintiff again alleges various fraud relating the loss of his job and his termination. Plaintiff does not allege any acts by Edna Lopez. His allegations are vague and conclusory, and do not state a fraud or conspiracy claim.

Under Count Seven, Plaintiff alleges that Edna Lopez terminated his employment in February 2021 under "fraudulent pretenses", including "not working with Daniel." Amended Complaint, *Lopez v. Lopez*, 1:24-cv-990 KWR/LF, Doc. 10 at ¶¶ 93-95 (D.N.M.). These allegations are similarly too vague and conclusory to assert a fraud or conspiracy claim.

Under Count Eight, Plaintiff alleges that his mother Edna Lopez committed battery by punching him. Plaintiff's vague and conclusory allegations do not state a battery claim.

Plaintiff also alleges *respondeat superior* claims against Stratify LLC and Compa Industries. The *respondeat superior* claims fail, because the claims above fail. The *respondeat superior* claim also does not apply to Count Eight, as there are no allegations that the intentional battery occurred within the scope of Edna Lopez's employment. *Ocana v. Am. Furniture Co.,* 2004–NMSC–018, ¶ 29, 135 N.M. 539, 91 P.3d 58.

Therefore, if the Court has subject matter jurisdiction over the claims in *Lopez v. Lopez,* 1:24-cv-990 KWR/LF (D.N.M.), the Court would alternatively dismiss the claims for failure to state a claim.

G.    ***Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC,*** **1:24-cv-991 KWR/LF (D.N.M.).**

Plaintiff alleges various claims against Karen Monty, who worked for Compa Industries as a human resources manager and vice president. He asserts the following claims:

Count One and Two: Fraud/Conversion

Count Three: Conspiracy

Amended Complaint, *Lopez v. Monty et al.,* 1:24-cv-991 KWR/LF, Doc. 9 (D.N.M.). In an Order to Show Cause, the Court recited the elements of the claims and stated in part as follows:

The Complaint fails to state claims for conversion, racketeering, fraud and civil conspiracy. Some of Plaintiff's allegations are vague or conclusory. *See*, *for*

> *example*, Complaint at 7, 10-11, 13 ("Monty covered up the extortion as Human
> Resource Manager;" "Monty failed to protect the plaintiff from further abuses and
> injuries;" "Monty was complicit to the theft of this critical part of the Plaintiff's
> job;" "Monty, again, is complicit in a fraudulent scheme by Edna Lopez and
> Jensenlopez to harm him and deprive him from what he was owed for the work he
> performed;" "Monty colluded and conspired with" other persons "to sabotage his
> work, steal his job, and was instrumental with breaching of his contract"). Vague
> and conclusory allegations are not sufficient to state a claim. *See Nasious v. Two
> Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158,
> 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain
> what each defendant did to him or her; when the defendant did it; how the
> defendant's action harmed him or her; and, what specific legal right the plaintiff
> believes the defendant violated."). Other allegations in the Complaint, such as
> Defendant Monty approached Plaintiff to do recruiting for Stratify, was a witness
> to meetings, knew of Plaintiff's contract with Edna, did not submit to the editor
> work Plaintiff did for Monty on a proposal, and was a witness to the actions of
> others, are not sufficient to state claims for conversion, racketeering, fraud and civil
> conspiracy.

Order to Show Cause, *Lopez v. Monty*, 1:24-cv-991, Doc. 7 at 4-5 KWR/LF (D.N.M.). Although

Plaintiff filed an amended complaint in response to the order to show cause, Plaintiff's claims

remain vague and conclusory, and Plaintiff has failed to state a claim.

Under Counts One and Two, Plaintiff asserts fraud and conspiracy claims. He alleges that

Defendant Monty wrongfully terminated him under fraudulent pretenses and because he wasn't

working with Daniel Jensenlopez. Plaintiff's allegations are vague and conclusory, and do not

assert a fraud or conspiracy claim.

Under Count Three, Plaintiff asserts a conspiracy claim against Defendant Monty, asserting

that he was defrauded, his contract breached, and his job taken. Plaintiff's allegations are vague

and conclusory, and he does not assert a plausible conspiracy claim.

Plaintiff also alleges *respondeat superior* claims against Stratify LLC and Compa

Industries. The *respondeat superior* claims fail, because the claims above fail.

**III.    The Court declines to reassign these cases to another judge.**

Plaintiff again asserts that I should recuse from six of these cases. The Court interprets this as a motion to reconsider its ruling declining to reassign six of these cases. As explained in the Court's prior orders denying the motions to reassign, Plaintiff's general concerns about judicial bias, without any factual assertions suggesting judicial bias, are not sufficient to warrant recusal.

Plaintiff asserts that I should not be assigned to all seven cases. In this district cases which could or should be consolidated are generally assigned to the same presiding judge.  "If actions before the court involve a common question of law or fact, the court may" consolidate the actions, join for hearing any or all matters at issue in the actions, or enter any other orders to avoid unnecessary costs or delays. Fed. R. Civ. P. 42(a). A district court, in its sound discretion, may consolidate related cases *sua sponte*. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Once the district court determines there is a common question of law or fact, the court weighs the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *See id.* ("In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy."); *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (affirming denial of motion to consolidate because movants failed to establish that consolidation would promote trial convenience and economy in administration or that they suffered injury as a result of court's refusal to consolidate); *Servants of the Paraclete, Inc. v. Great American Ins. Co*., 866 F. Supp. 1560, 1572 (D.N.M. 1994) ("If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause.").

Here, these cases involve common questions of law or fact.  Plaintiff asserts claims against defendants all stemming from the same factual matter and his employment with his family

business, Compa Industries, Inc.  All individual defendants worked at or with Compa Industries, and the claims asserted against them stem from their work at or with Compa Industries.  The fraud claims all stem from the same or similar factual matter, such as Plaintiff's alleged wrongful termination or Plaintiff's work on certifying Compa Industries with the Small Business Administration's HUBZone program. He also asserts that the individual defendants were involved in a conspiracy together. Moreover, each case generally involves claims against the same corporate entities, such as Compa Industries and Stratify LLC.  In accordance with the practice in this district, because I was randomly assigned the lowest-digit case, the other six cases were all reassigned to me. The Court therefore issues a consolidated opinion, which will be issued in each case. However, because the Court dismisses these cases without prejudice for lack of subject matter jurisdiction, the Court sees no reason to enter an order consolidating these cases.

Finally, Plaintiff challenges the timing of the orders to show cause, suggesting that it demonstrates judicial bias.  The Court disagrees. Plaintiff was granted *in forma pauperis* status, and the Court is required to screen the complaints under 28 U.S.C. § 1915(e) ("the court shall dismiss the case at any time if the court determines that…" the case fails to state a claim). Moreover, the Court is required to dismiss a case at any time if it concludes subject matter jurisdiction is lacking.

## CONCLUSION

As explained above, the Court concludes that Plaintiff failed to carry his burden to plead or establish subject matter jurisdiction in his amended complaints and therefore dismisses each of his seven cases without prejudice. This dismissal without prejudice means that although this federal court lacks jurisdiction, he may attempt to file his cases in a state court where jurisdiction exists.

Alternatively, only assuming the court has subject matter jurisdiction over these cases, the Court concludes that he failed to state a claim, for the reasons asserted in the orders to show cause entered in each case.

**IT IS THEREFORE ORDERED** that each of the following seven cases filed by Plaintiff are dismissed without prejudice for lack of subject matter jurisdiction:

- *Samuel Rene Lopez v. Allegra Hanson, Allegra Hanson PC, and Compa Industries*, *Inc.*, 1:24-cv-984 KWR/LF (D.N.M.);

- *Samuel Rene Lopez* v. *Armando Rene Lopez, Compa Industries, Inc., and Stratify, LLC.*, 1:24-cv-985 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Chenot, Compa Industries, Inc., and Stratify, LLC.*, 1:24-cv-986 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Bingham, Compa Industries, Inc., and Stratify, LLC.*, 1:24-cv-987 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Daniel Anthony Jensenlopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-988 KWR/LF (D.N.M.);

- *Samuel Rene Lopez v. Edna Louisa Lopez, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-990 KWR/LF (D.N.M.); and

- *Samuel Rene Lopez v. Karen Monty, Compa Industries, Inc., Stratify, LLC*, 1:24-cv-991 KWR/LF (D.N.M.).

**IT IS FURTHER ORDERED** that in each of the seven cases identified in the caption, Plaintiff's Motion Showing Cause for Subject Matter Jurisdiction is **DENIED**.

**IT IS FURTHER ORDERED** that this opinion shall be filed in all seven cases identified in the caption of this order.

49

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE